# E. W. Blatchford & Company v. Marvin Blanchard et al.

1. FORECLOSURE—*Purchase Money and Liens of Mechanics.*—Where parties purchased premises on credit, securing the purchase money by a mortgage, and erected buildings thereon for which they failed to pay, in a proceeding to foreclose the mortgage it is proper to order a sale of the premises first for the payment of the purchase money, and thereafter the liens of the parties interested.

**Memorandum.**—Foreclosure. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL P. MCCONNELL, Judge, presiding. Submitted at the October term, 1894, and affirmed. Opinion filed February 12, 1895.

WEIGLEY, BULKLEY & GRAY, attorneys for appellants.

HERVEY H. ANDERSON, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a decree entered in a suit brought by the appellee, Blanchard, to foreclose à mortgage given to him for the purchase price of the premises in question, consisting of two lots situated on the southeast corner of Hoyne avenue and Huron street, in Chicago.

Blanchard, being the owner of the lots, conveyed them to Albert C. Berndt by deed dated December 1, 1890, and took back from Berndt the mortgage in question, to secure the promissory note of himself and Willard P. Alward for $3,500. The only consideration for the conveyance beyond the $3,500 expressed in the note and mortgage was the assumption by Berndt of a tax claim outstanding against the premises. A short time after Berndt acquired the conveyance from Blanchard, he conveyed an undivided one-half of the lots to the same Willard P. Alward.

Having, so far, paid out nothing, Berndt and Alward set out to devise a plan to cover the lots with five buildings which should cost several thousand dollars, trusting to ob-

tain a loan, as the improvements should progress, with which to carry out their venture.

In pursuance of their plan, and early in February, 1891, contracts were made by them with the appellees Armknecht and Jaktorowski, with the latter to do the carpenter work and glazing, and with the former to do the excavating, the cut-stone work and plastering; and subsequently an additional contract was made by them with Jaktorowski to do the iron work, and such contracts were performed by Armknecht and Jaktorowski, respectively.

Berndt and Alward were unsuccessful in their attempts to obtain a loan, and out of their failure to pay, much litigation has resulted. And this suit by the original vendor of the lots to foreclose his purchase money mortgage has become seriously obstructed because of intervening claims of mechanics, and of judgments at law claimed to constitute liens against the premises.

The master found that Armknecht and Jaktorowski completed their contracts on December 20, 1892, and that no money was paid to them on account thereof.

While their contracts were in process of performance, and on September 19, 1891, Alward, in order to make such restitution to Armknecht and Jaktorowski as was in his power, conveyed to them all his interest in the premises.

In the view we take of the case it is considered to be immaterial whether Alward made that conveyance in consideration of being released from all personal liability on his contracts for the buildings, or not.

The Circuit Court in its decree found that immediately after said deed from Alward was made and executed, Armknecht and Jaktorowski claimed to be the owners of the undivided half of the premises, and were recognized as such by both Berndt and Alward, and that by virtue of said deed Armknecht and Jaktorowski "succeeded to the rights of said Alward in and to said premises, and improvements placed thereon, and his rights in relation thereto in the said contracts between said Alward and Berndt and said Armknecht and Jaktorowski respectively, and that said Berndt, by his

conduct and agreements to and with said Armknecht and Jaktorowski for one-half of the cost of the material and labor expended by them on said premises, as above set forth, and that the interest of said Berndt in said premises and improvements thereon, became and is charged with a lien for one-half the amount or cost of such labor and material so furnished by said Jaktorowski and Armknecht respectively, and that said Armknecht and Jaktorowski, respectively, are entitled to a lien upon the proceeds of said premises after, they shall have been sold, as hereinafter ordered and decreed." And the decree also found that, soon thereafter, Armknecht and Jaktorowski were in possession of the whole of said premises as co-tenants with Berndt.

We think that the decree of the Circuit Court correctly found as to the relations of Armknecht and Jaktorowski with Berndt and Alward, and the premises, and as to their right to share in the proceeds of the sale of the premises.

Berndt and Alward were powerless, financially, to get the other work done that had to precede the doing of the work contracted for by Armknecht and Jaktorowski, and Armknecht and Jaktorowski had necessarily to do such other work, and also to procure still other work to be done in order to a completion of the buildings. So far as we have been able to discover, Armknecht and Jaktorowski are the only parties to the record, except appellees Geiss and Gilbert, who ever put any money or material into the buildings. Certainly their co-tenant Berndt never put in anything, and we will not seek for fine distinctions in his favor to deprive them of such contribution as his interest in the property will afford them for his share of the cost of the improvements.

As to the appellant, Blatchford & Company, its judgment against Berndt as garnishee of one Klintz, was recovered June 11, 1892, at a time when Armknecht and Jaktorowski were, and had long been, in open possession of the property, claiming an interest therein, not only under the deed to them from Alward, but as against their co-tenant Berndt, for the improvements they had put upon the property. Blatchford &

C., R. I. & P. Ry. Co. v. Berg.

Company were bound with notice of such possession by them, and whether their possession and claim was that of mechanics under the statute, or upon purely equitable grounds, made no difference. The notice was effectual, and the Circuit Court properly subordinated the lien of that judgment to the claim of Armknecht and Jaktorowski and of the other appellees.

We have avoided discussion of the various proceedings to establish mechanics' liens, because, in our judgment, it is unnecessary, so far as the parties who have joined in this appeal are concerned.

The decree, in our opinion, properly orders a sale of the premises, first, for payment of the purchase money mortgage, and thereafter, in order specified, the liens of the several parties interested, and it will be affirmed.